J-S55034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KAHLIL KAHREE HAMMOND, | : | |
| | : | |
| Appellant | : | No. 115 MDA 2017 |

Appeal from the PCRA Order December 6, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003944-2009

BEFORE:    DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 27, 2017**

Kahlil Kahree Hammond (Appellant) *pro se* appeals from the December 6, 2016 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

> On July 17, 2009, [Appellant] was arrested and charged with robbery, firearms not to be carried without a license, criminal trespass, and receiving stolen property in connection with a robbery that occurred that morning at Evy Rosa Grocery and Deli in Lancaster, Pennsylvania. On March 10, 2011, a jury convicted [Appellant] of the above-mentioned crimes. On August 5, 2011, the trial court sentenced [Appellant] to an aggregate sentence of nine and one-half years to twenty eight years in prison. This Court affirmed [Appellant's] judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Hammond***, 48 A.3d 477 (Pa. Super. 2012)

---

[1] On July 26, 2017, Appellant filed with this Court a motion to correct the certified record in which he alleged that page 9 of his PCRA petition was omitted from the record sent to this Court.  Our review of the record before us indicates that the PCRA petition is complete; thus, we deny Appellant's motion as moot.

*Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum), *appeal denied*, 62 A.3d 1244 (Pa. 2013).

> On April 2, 2013, [Appellant] filed, *pro se*, a petition to preserve objection for appeal. The trial court construed the petition as a PCRA petition, and appointed PCRA counsel for [Appellant]. Thereafter, PCRA counsel filed an amended PCRA petition. On September 19, 2013, the PCRA court issued notice of intent to dismiss the amended PCRA petition without a hearing, and an opinion stating the reasons for its determination. In response, [Appellant] filed, *pro se*, a second amended PCRA petition. The PCRA court refused to consider [Appellant's] *pro se* second amended PCRA petition on the basis that he was represented by PCRA counsel, who had declined to respond to the PCRA court's notice of intent. On October 15, 2013, the PCRA court entered an order denying the amended PCRA petition. [Appellant] filed a timely notice of appeal. [On April 29, 2014, this Court affirmed the PCRA court's order, and on December 3, 2014, the Pennsylvania Supreme Court denied allowance of appeal.]

*Commonwealth v. Hammond*, 102 A.3d 547 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 524 (Pa. 2014) (footnotes and unnecessary capitalization omitted).

At issue in this case is Appellant's PCRA petition that was filed *pro se* on April 28, 2016. Appellant raised three claims in that petition: (1) that his sentence was illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury); (2) that the Commonwealth failed to disclose exculpatory evidence, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), "regarding the 2009 condemnation of the property" in

which Appellant was accused of trespassing; and, (3) a claim of trial counsel ineffectiveness. PCRA Court Opinion, 10/27/2016, at 4. On October 27, 2016, the PCRA court issued a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, concluding that Appellant's petition was filed untimely and that the **Alleyne** decision does not provide an exception to the timeliness requirements of the PCRA. **Id**. at 8-14. Appellant did not file a response. On December 6, 2016, the PCRA court dismissed Appellant's PCRA petition.

Appellant timely filed a notice of appeal. The PCRA court did not order that Appellant file a Pa.R.A.P. 1925(b) statement, but issued a Pa.R.A.P. 1925(a) statement, which relied on the reasoning of its October 27, 2016 Rule 907 notice. In his brief to this Court, Appellant raises four substantive issues; however, before we may address those claims, we must first determine whether we have jurisdiction over Appellant's PCRA petition.

The timeliness of a post-conviction petition is jurisdictional. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 2013. Appellant makes no attempt to plead or prove any exception to the PCRA timeliness requirements. To the extent that his **Alleyne** issue can be read to assert the exception found at 42 Pa.C.S. § 9545(b)(1)(iii) (providing an exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively"), our Supreme Court has held specifically that **Alleyne** does not apply retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Moreover, even if the holding in **Alleyne** did apply retroactively, Appellant is not entitled to relief because his 2016 PCRA petition was not filed within 60 days of the 2013 **Alleyne** decision. **See Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super. 2016) (noting petitions filed within 60 days of Supreme Court decision recognizing

retroactive application of new constitutional right satisfied requirement of 42 Pa.C.S. § 9545(b)(2)).

Nor do the **Brady** allegations Appellant raised in his petition satisfy the newly-discovered-facts exception found at 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). In 2016, Appellant discovered through a right-to-know request that the building in which he was apprehended in 2009 was condemned by the city a few days after his arrest. We agree with the PCRA court that "assuming *arguendo*[] that the subsequent condemnation of the [] property did have some bearing on [Appellant's] trespass conviction, he fails to explain why he could not have discovered this fact sooner with the exercise of due diligence." PCRA Court Opinion, 10/27/2016, at 11. **See**, **e.g.**, **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests. … A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.").

Because Appellant failed to establish the applicability of a timeliness exception, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed. Motion to correct record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/27/2017